## KANSAS CITY SOUTHERN RY. CO. v. LITTLEFIELD.

Circuit Court of Appeals, Tenth Circuit.
January 29, 1930.

No. 108.

A. F. Smith, of Kansas City, Mo., and James B. McDonough, of Ft. Smith, Ark. (Frank H. Moore, of Kansas City, Mo., on the brief), for appellant.

Malcolm E. Rosser, of Muskogee, Okl. (R. P. White, of Poteau, Okl., on the brief), for appellee.

Before LEWIS, COTTERAL, and McDERMOTT, Circuit Judges.

LEWIS, Circuit Judge. Littlefield, plaintiff below, owned a warehouse in the Village of Braden, Oklahoma, in which his cotton seed, 3,000 or more bushels, was stored. The warehouse was near to the railway right of way on which there was an embankment for the railway tracks, and through the embankment, about 150 feet from the warehouse, the railway company maintained a culvert to carry off surface waters. In trespass on the case Littlefield recovered judgment for damage to his cotton seed, charged to have been caused by the railway company's negligence in laying the culvert too high to properly drain the watershed, and in failing to keep the culvert open and permitting it to become obstructed and choked with grass, weeds and other débris, thus collecting and damming up the surface waters and causing them to flow into plaintiff's warehouse. These charges were in every respect denied in the answer, and it alleged there is a highway between plaintiff's warehouse and defendant's culvert and there is a drain under the highway which was not kept open, and this caused the flooding. It was further alleged that the amount of rainfall was unprecedented, could not have been anticipated, and for that reason defendant was not liable.

There had been an open trestle under the tracks through which the surface waters naturally flowed, and the defendant filled in at that place and put the culvert there. The flooding of the warehouse was in the early morning of December 12th during heavy rains, and the grass and weeds, as plaintiff claimed, had been cut the preceding fall and permitted to lie on the right of way roundabout the culvert's intake. The highway mentioned in the answer crosses the watershed.

■ There was ample testimony in favor of each party to sustain their respective opposing allegations of fact and the claims made by each in reference thereto. The jury were likely impressed with the testimony for plaintiff that in the morning the water was standing still from the railway culvert back across the highway and on to and around the warehouse, and that when the section men came in the forenoon and removed the débris from the railway culvert the standing waters all soon passed off through it. This, however, was all denied by them. They testified that they only cleaned out the highway drain. But clearly the question, what caused the cotton seed to become water-soaked and damaged, was, on the conflicting proof, one for the jury; and there was no error in the court's refusal to take that question from the jury and instruct them at the close of all the evidence to find a verdict for defendant.

■ In actions at law we pass on questions of law only, that have been properly saved for review. There were no exceptions to the court's charge. The pleadings and the issues which they presented were clearly stated to the jury, and the principles of law to be applied to each were given, as the jury might find the facts to be; and it was left to them to say whether the facts were as claimed by plaintiff or by defendant, and, if they should find in favor of plaintiff, they must further find that defendant's negligence as charged was the proximate cause of the damage, before they could render a verdict in his favor. Six specifications of error, Nos. 1, 2, 6, 7, 8 and 13, are directed to the court's refusal to instruct a verdict in favor of defendant; three of them, Nos. 3, 4 and 5, to the instructions given by the court and to which no exceptions were saved, and three of them, Nos. 9, 10 and 11, are directed to refusals to give special requests, each of which was covered, we think, by the court's charge. The remaining specification, No. 12, is directed to the overruling of the motion for a new trial. No claimed errors during the trial, prior to instructing the jury, are specified and relied on. See Court Rule 18, par. 2, sub. second. In fact, the only points argued for appellant are, (1) the court's refusal to instruct for defendant, (2) its instructions to the jury, to which no objections were made nor exceptions saved, and (3) its overruling the motion for a new trial. The first, as herein held, was not error; the second, if error, was waived by failure to point out at the time the part objected to, and the third is a discretionary matter.

Judgment affirmed.